IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,                        ORDER

     v.                             09-cr-26-bbc-01

HAKEEM STEVENS,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Hakeem Stevens's supervised release was held on January 3, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, William Jones. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

## FACTS

Defendant was sentenced in the Western District of Wisconsin on October 7, 2009, following his conviction for possessing a firearm and ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1). This offense is a Class C felony. Defendant was committed to the

custody of the Bureau of Prisons to serve a term of imprisonment of 21 months, with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on September 10, 2010. On October 21, 2010, he violated Mandatory Condition No. 1, prohibiting him from committing another federal state or local crime, when he was arrested for resisting and obstructing an officer, a Class A misdemeanor in violation of Wis. Stat. § 946.41(1). On March 11, 2011, he pleaded no contest and was ordered to pay $379 in fines and assessment costs. On February 5 and March 5, 2011, defendant violated Standard Condition No. 2, requiring him to submit a truthful and written monthly report within the first five days of each month, when he failed to submit written monthly reports for January and February 2011. On January 31, February 8 and February 17, 2011, he violated Standard Condition No. 7 and Special Condition No. 8, requiring him to abstain from the use of alcohol and illegal drugs, when he submitted urine specimens that tested positive for marijuana.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of supervision.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised

release imposed on defendant on October 7, 2009, will be revoked.

Defendant's criminal history category is IV. With a Grade C violation and a criminal history category of IV, defendant has an advisory guideline term of imprisonment range of 6 to 12 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, under 18 U.S.C. §3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of chapter 7 of the Sentencing Guidelines, I have selected a sentence at the middle of the guideline range, to hold defendant accountable for his violations.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on October 7, 2009, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 9 months. He is to be given jail credit from March 23, 2011 to December 23, 2011. A 24-month period of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect, with the following modification:

Special Condition No. 1: Defendant is to spend up to 90 days in a residential reentry

3

        center, as approved by the supervising U.S. probation officer, with admission upon the first available vacancy. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses, if any, and is to pay 25% of his gross income toward the daily cost of residence. Defendant may be discharged early from the facility upon the approval of both the facility administrator and the supervising U.S. probation officer.

The probation office is to notify local law enforcement agencies and the state attorney general of defendant's release to the community.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration and supervision.

Entered this 3d day of January 2012.

        BY THE COURT:
        /s/
        BARBARA B. CRABB
        U.S. District Judge